NUMBER 13-02-593-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI






LAURA HERNANDEZ , Appellant,



v.




THE STATE OF TEXAS , Appellee.





On appeal from the 94th District Court

of Nueces County, Texas.





O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Kennedy (1)

Opinion by Justice Kennedy




 Appellant was indicted for the murder of Brandie Ramos. She was found guilty by a jury and her punishment was assessed
by the court at confinement for forty-five years. 

 Appellant's brief brings two issues, the first of which alleges error when the trial court allowed the jury to separate without
appellant's consent, following oral argument. The code of criminal procedure in article 35.23, provides that: "The court on
its own motion may and on the motion of either party shall, after having given its charge to the jury, order that the jury not
be allowed to separate, after which the jury shall be kept together and not permitted to separate except to the extent of
housing female jurors separate and apart from male jurors, until a verdict has been rendered or the jury finally discharged." 
The Tex. Code Crim Proc. art. 35.23 (Vernon 2002) law was changed in 1989 to read as aforesaid. Prior to the 1989
enactment the law provided, in pertinent part, "When jurors have been sworn in a felony case, the court may, at its
discretion, permit the jurors to separate until the court has given its charge to the jury, after which the jury shall be kept
together, and not permitted to separate except to the extent of housing female jurors separate and apart from male jurors,
until a verdict has been rendered or the jury finally discharged, unless by permission of the court with the consent of each
party." Tex.Code Crim. Proc. Ann. art. 35.23 (Vernon 1989). The record does not show that appellant moved to sequester
the panel. The cases submitted as authority by appellant for this issue all were decided before 1989.

 The record before us does not show that either party made a motion to not allow the jury to separate. We deny the relief
sought in appellant's first issue.

 Appellant's second issue is:

 Whether the trial court violated the appellant's Fifth Amendment right to due process of law when it failed to grant a
mistrial following repeated improper arguments by the prosecution.

In support of this issue, appellant quotes from the record the State's argument which she found objectionable:

 . . . This trial has probably gone on long enough for you and we could have made this a six-month long Los Angeles trial
and brought everybody, brought all fifty cops or however many showed up. We don't have to do that. And if those
witnesses knew anything, that would help them. They come [sic] bring them - they got the same power, subpoena. 

 . . . told me she didn't do it. It was Andrew Doria. 'She tells the cop it was Andrew Doria.' How does she know Andrew
Doria did it? How can she - I almost forgot about that. How can she tell the cop Andrew Doria did it? Where's the
evidence she knew who did it? 

Appellant's objection in each instance was sustained by the trial court and in one instance counsel requested a mistrial
which was denied. 

 The prosecutor may comment on the defendant's failure to produce witnesses and evidence so long as the remark does not
fault the defendant for exercising his right not to testify. Jackson v. State, 17 S.W.3d 664, 674 (Tex.Crim.App. 2000). 
The prosecutor's arguments did not amount to faulting the defendant for exercising her Fifth Amendment right not to
testify. We deny the relief sought by issue number two and AFFIRM the judgment of the trial court.

NOAH KENNEDY

Justice

Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 20th day of March, 2003.

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).